IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| HISTORICAL CONCEPTS, LLC, a Georgia limited liability company<br><br>Plaintiff,<br><br>v.<br><br>JULIE O'CONNOR, an individual; and AMERICAN VERNACULAR, INC., a South Carolina corporation.<br><br>Defendants. | Civil Action No.: 2:13-cv-01542-PMD<br><br>COMPLAINT<br><br>(DEMAND FOR JURY TRIAL) |

Plaintiff, Historical Concepts, LLC (hereinafter "HCI"), alleges the following in its Complaint against the defendants, Julie O'Connor and American Vernacular, Inc. (collectively "Defendants").

## JURISDICTION AND VENUE

1. This is an action at law and in equity for copyright infringement arising under the laws of the United States of America, codified at 17 U.S.C. §§101 *et seq.*

2. This Court has jurisdiction of the claims asserted herein by HCI under 28 U.S.C. § 1338.

3. Venue in this district is proper under 28 U.S.C. §1391(b) and §1400(a) as Defendants either reside in this district, may be found in this district, are subject to personal jurisdiction in this district, and/or a substantial part of the events or omissions giving rise to the claims occurred in this district.

4. Defendant American Vernacular, Inc., may be served through its registered agent, Julie O'Connor.

## THE PARTIES

5. HCI is a Georgia limited liability company with its principal place of business located at 430 Prime Point, Suite 103, Peachtree City, Georgia 30269.

6. On information and belief, defendant Julie O'Connor, is a South Carolina resident residing in or around Mount Pleasant, South Carolina.

7. On information and belief, defendant American Vernacular, Inc., is a South Carolina corporation with its principal place of business located at 50 Eastlake Road, Mount Pleasant, South Carolina 29464.

8. All of the Defendants are jointly and severally liable for the infringement alleged herein, as a matter of direct, contributory, and/or vicarious liability.

## FACTUAL BACKGROUND

### Plaintiffs and Their Copyrighted Works

9. HCI is a Georgia based architectural firm engaged in the business of creating, designing, planning and producing technical drawings and architectural works throughout the United States. HCI has been the recipient of numerous awards recognizing excellence in traditional design and place-making.

10. In or around the year 2000, HCI created a certain architectural work identified as the "Morgan Residence". The architectural work entitled "Morgan Residence" has been registered by HCI with the United States Copyright Office under Registration No. VA 1-857-351. A copy of HCI's "Morgan Residence" Copyright Registration is attached hereto as Exhibit A. An image of HCI's "Morgan Residence" architectural work is set forth below:



11.     In or around the year 2000, HCI also created certain technical drawings entitled "Morgan Residence – Architectural Drawings".  The technical drawings entitled "Morgan Residence – Architectural Drawings" have also been registered by HCI with the United States Copyright Office under Registration No. VA 1-857-353.  A copy of HCI's "Morgan Residence – Architectural Drawings" Copyright Registration is attached hereto as Exhibit "B".  HCI's "Morgan Residence" and "Morgan Residence- Architectural Drawings" shall be collectively referred to herein as the "Subject Works".

12.     Since its creation, the Morgan Residence has enjoyed widespread notoriety by virtue of the publication of images of the work in various publications.  In addition, the Morgan Residence was well known due to its purchase by the Academy award winning screenwriter, director and actor Ben Affleck.

13.     The Subject Works contain material wholly original to HCI, and constitute copyrightable subject matter under 17 U.S.C. §§ 101 *et seq.*

14. HCI is currently and at all relevant times has been, the sole owner of all right, title and interest in and to the copyrights in the Subject Works.

15. All lawful copies and distributions of the Subject Works, and/or of works derivative of the Subject Works, have been made by HCI or under HCI's consent or permission.

**Defendants and Their Actions**

16. On information and belief, Defendant American Vernacular, Inc. is engaged in the business of architectural design and planning.

17. On information and belief, Defendant Julie O'Connor is an owner, officer, director, employee or managing agent of Defendant American Vernacular, Inc., and has a direct financial interest in the affairs of American Vernacular, Inc., and participated directly in the infringing acts alleged herein.

18. On information and belief, Defendants have designed one or more houses by making unauthorized use of the Subject Works in order to make unauthorized copies of the copyrightable features of the Subject Works. On information and belief, an image of a house designed by Defendants through the unauthorized copying of the Subject Works is set forth below:



19. Defendants have also prominently featured an image of the infringing home on their website available at http://www.americanvernacular.com/. A printout of Defendants' website featuring an image of the infringing home created by Defendants through the unauthorized copying of the Subject Works is attached hereto as Exhibit "C".

20. The design, planning and construction of unauthorized and unlicensed copies of HCI's Subject Works is a violation of HCI's copyrights in the Subject Works. Defendants have also infringed HCI's copyrights by causing unauthorized and unlicensed copies or derivatives of the Subject Works to be published, distributed, marketed, advertised, constructed, and/or sold.

## FIRST CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

**(17 U.S.C. §§101 *et seq.* – Against all Defendants and Each of Them)**

21. HCI repeats, realleges, and incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1 – 20, inclusive, of this Complaint.

22. Defendants have infringed the Subject Works by designing, planning and causing to be constructed unlicensed copies of the Subject Works and by violating HCI's exclusive rights in the Subject Works by copying, publishing, distributing, advertising, marketing, selling and/or constructing architectural works, including one or more constructed houses, which were copied or otherwise derived from the Subject Works and which were not authorized by HCI.

23. As a direct and proximate result of Defendants wrongful conduct, HCI has suffered substantial damage to its business in an amount to be established at trial.

24. As a direct and proximate result of Defendants wrongful conduct, HCI has suffered general and special damages in an amount to be established at trial.

25. As a direct and proximate result of Defendants wrongful conduct, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for the infringement of the Subject Works. As such, HCI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Works in an amount to be established at trial.

26. Defendants' infringement of HCI's copyright has been and continues to be committed willfully.

## SECOND CLAIM FOR RELIEF

## VICARIOUS COPYRIGHT INFRINGEMENT

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants and Each of Them)**

27. HCI repeats, realleges, and incorporates herein by reference as though fully set forth herein the allegations contained in Paragraphs 1 – 26, inclusive, of this Complaint.

28. HCI is informed and believes and based thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the unauthorized copying of the Subject Works to create one or more houses which constitute unauthorized copies of the Subject Works.

29. HCI is informed and believes and based thereon alleges that Defendants, and each of them, are vicariously liable for the infringements alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

30. As a direct and proximate result of the Defendants, and each of their, acts of contributory infringement as alleged above, HCI has suffered substantial damage to its business

in an amount to be established at trial, as well as general and special damages in an amount to be established at trial.

31. As a direct and proximate result of Defendants wrongful conduct, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for the infringement of the Subject Works. As such, HCI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Works in an amount to be established at trial.

## RELIEF SOUGHT

WHEREFORE, HCI prays that this honorable Court do the following:

1. Permanently enjoin and restrain Defendants and their officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

   a. copying, imitating or making any unauthorized use of the Subject Works in any manner and from publishing, distributing, selling, advertising, marketing, building, constructing or otherwise disposing of any copies or unlicensed derivatives of the Subject Works, including but not limited to any unlicensed derivative of the Subject Works and any and all houses built from the Subject Works or any derivative thereof outside the scope of a valid license;

   b. manufacturing, producing, building, constructing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy, derivative, or colorable imitation of the Subject Works, including but not limited to any unlicensed derivative of the Subject Works and any and

all houses built from the Subject Works or any derivative thereof outside the scope of a valid license; and

    c. using any simulation, reproduction, counterfeit, copy, derivative, or colorable imitation of the Subject Works in connection with the promotion, advertisement, display, sale. offering for sale, manufacture, production, building, construction, circulation, or distribution of any product or service, including buy not limited to any and all houses built from the Subject Works or any derivative thereof outside the scope of a valid license.

  2. Direct the defendants to deliver up to be impounded during the pendency of this action under 17 U.S.C. §503 all unlicensed copies or derivatives of the Subject Works in Defendants' possession or under Defendants' control and to deliver up for destruction all infringing copies and all devices used for making such infringing copies, including but not limited to any houses that have been constructed from the Subject Works or any derivative thereof in violation of HCI's copyrights in the Subject Works.

  3. Direct Defendants to disclose to HCI the names and addresses of all persons and entities who have purchased houses constructed from the Subject Works or derivatives of the Subject Works, or who have had houses constructed from the Subject Works or any derivatives of the Subject Works.

  4. Direct Defendants to pay HCI such damages as the jury determines HCI has sustained in consequence of Defendants' infringing HCI's copyrights in the Subject Works, and to account for all gains, profits, and advantages derived by Defendants through their infringement of HCI's copyrights under 17 U.S.C. §504(c).

  5. Order Defendants to pay HCI's costs of this action and its reasonable attorneys' fees.

6. Award to HCI such other and further relief as the Court may consider appropriate.

7. HCI requests a jury trial as to all matters other than the equitable remedies sought herein.

Respectfully submitted, this 6th day of June, 2013.

             **LEWIS BRISBOIS BISGAARD & SMITH LLP**

             */s/ Erin Lawson Coia*
             ERIN LAWSON COIA
             District of South Carolina I.D. 11161

             *Counsel for Plaintiff*

1180 Peachtree Street NE
Suite 2900
Atlanta, GA 30309-3521
Telephone: 404.348.8585
Facsimile: 404.467.8845
Email: ecoia@lbbslaw.com